IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

NANCY SWAN, *
   *
   Plaintiff, *
   *
vs. * CASE NO: 16-CV-207-WS-M
   *
MOBILE COUNTY SHERIFF'S *
DEPARTMENT, ALTAPOINTE HEALTH *
SYSTEMS, MOBILE COUNTY, *
   *
   Defendants. *

## COMPLAINT

1. This is a civil rights action brought by Pro Se Plaintiff Nancy Swan who was denied certain constitutional rights by Defendant while incarcerated in the Mobile Metro Jail on May 18, 2014. Specifically, Plaintiff was assaulted by Defendants throwing her to the floor resulting in concussion to Plaintiff's brain, injury to her back, refusing her medication, and resulting in a spinal fusion. Defendant was deliberately indifferent to Plaintiff's rights as a detainee under the Fourteenth Amendment of the United States Constitution, and Defendant has caused Plaintiff permanent disability and continued pain and suffering. Defendant is further liable under Alabama law for assault and battery, false imprisonment, intentional infliction of mental anguish, and a breach of the standard of care for medical provider under Alabama law.

## JURISDICTION

2. This action arises under the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983, and state law. The Court has jurisdiction of this matter pursuant

1

to 28 U.S.C. §§1331 and 1343(a)(3). Plaintiff invokes supplemental jurisdiction of his state law claims pursuant to 28 U.S.C. §1367.

## PARTIES

3. Plaintiff Nancy Swan is over 19 years old and is a resident of Mobile County, Alabama. Currently, Plaintiff is a retired, 66-year old female school teacher. She has never been arrested or charged with any crime prior to her arrest by Mobile County Sheriff's deputies on May 18, 2014.

## FACTS

4. Swan was arrested and booked into the Mobile Metro Jail for interfering with a 911 call and assault. Plaintiff requested the arresting deputy to allow her to obtain her medication for prevention of seizures which was refused. She suffered a seizure while being transported and the handcuffs injured her wrists during the seizure.

5. Upon information and belief, Defendants violated clear Jail policy, medical procedure and training in their conduct toward Swan while in their custody and control and the medical care and evaluation of Plaintiff.

6. Without cause or provocation, agents of the Sheriff's Department forcefully threw Swan to the ground, permanently injuring her back. They then attempted to force her into a bed, thereby striking her head on the bed railing, also causing permanent injury and a concussion.

7. Thereafter, agents of both the Sheriff's Department and AltaPointe Health Systems refused to provide Swan with medical treatment, despite repeated requests.

8. Upon information and belief, Defendants did not feel threatened by Swan. Defendants had ample opportunities to respond to Swan with many non-violent options. Defendants' use of force was completely excessive in light of the circumstances.

9. As a result of Defendants' actions, Plaintiff has suffered extreme harm.

## CAUSES OF ACTION

### COUNT ONE
### Unconstitutional Use of Force 42 U.S.C. §1983

10. Plaintiff reasserts the allegations contained in the paragraphs above and incorporates the same by reference herein.

11. Defendants used excessive force upon Plaintiff and thereby violated her Fourteenth Amendment Due Process rights to be free from cruel and unusual punishment.

12. Defendants' conduct posed a significant risk to the safety of Swan and inflicted unnecessary and wanton pain and suffering upon Swan. Defendants lacked a good faith effort to maintain or restore discipline and instead acted maliciously and/or sadistically for the purpose of causing harm.

13. Defendants' conduct was done with reckless indifference or malice to the federally protected rights of Swan.

### COUNT TWO
### Assault and Battery – State Law
### False Imprisonment

14. Plaintiff reasserts the allegations contained in the Paragraphs above and incorporates the same by reference herein.

15. Defendants committed assault and battery upon Swan and falsely imprisoned her. As a proximate result of their conduct, Swan was caused to suffer injury, pain and suffering, and permanent disability.

16. Defendants' conduct was so egregious as to amount to willful or malicious conduct engaged in bad faith.

17.    Defendants were acting beyond the discretion permitted by their office, policies and procedures toward the Plaintiff and such action breaches the standard of care of a medical provider.

### COUNT THREE

18.    The Defendant AltaPointe breached the standard of care in its treatment and evaluation of the Plaintiff.

19.    Defendants' conduct was done with malice or reckless indifference giving rise to Swan's entitlement to punitive damages.

### RELIEF SOUGHT

20.    As relief, Plaintiff seeks the following:

a) That she be awarded such compensatory damages as shall be determined from the evidence she is entitled to recover;

b) That she be awarded against the individual Defendants such punitive damages as determined from the evidence she is entitled to recover;

c) That she be awarded prejudgment and post judgment interest at the highest rates allowed by law;

d) That she be awarded the costs of this action and her reasonable expert witness fees; and

e) That she be awarded such other and further relief to which she is justly entitled.

Dated this the __12__ day of May, 2016.

Respectfully submitted,

*[signature: Nancy Swan]*
NANCY SWAN, *Pro Se Plaintiff*
582 Summerlake Drive East
Mobile, Alabama  36608
Telephone:    251-633-6728 (home)
              251-366-2077 (cell)
Email:        nancy.swan@gmail.com