IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

NANCY SWAN,                              :

    Plaintiff,                           :

vs.                                      :   CIVIL ACTION 16-207-WS-M

ALTAPOINTE HEALTH SYSTEMS,               :
*et al.*,
                                         :
    Defendants.

REPORT AND RECOMMENDATION

Plaintiff, who is proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983 and a Motion to Proceed Without Prepayment of Fees ("Motion"). (Docs. 1, 4). Plaintiff's Motion has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S), which provides for the determination by a Magistrate Judge of all non-dispositive pretrial proceedings and motions in civil actions, such as Plaintiff's Motion. The consideration of this Motion requires Plaintiff's Complaint to be screened pursuant to 28 U.S.C. § 1915(e)(2)(B). *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e)

to non-prisoner actions).[1]  After careful screening of the Complaint, it is recommended that, prior to service of process, the federal claims be dismissed without prejudice, because the claims are either frivolous or fail to state a claim upon which relief can be granted, and the state-law claims be dismissed without prejudice, because the Court declines to exercise its supplemental jurisdiction.  However, within the time period for filing objections to the Report and Recommendation, Plaintiff is given the opportunity to file an amended complaint that states a plausible claim.

I.  <u>Complaint</u>. (Doc. 1).

In Plaintiff's typed and brief Complaint, she names as Defendants Mobile County Sheriff's Department ("Sheriff's Department"), AltaPointe Health Systems ("AltaPointe"), and Mobile County.  (Doc. 1 at 1).  She asserts that her action arises under the Fourteenth Amendment, 42 U.S.C. § 1983, and state law.  (*Id.*).

Plaintiff states that she "is a retired, 66-year old female

---

[1] Section 1915(e)(2)(B) provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i-iii).

school teacher[,] [who] has never been arrested or charged with any crime prior to her arrest by the Mobile County Sheriff's deputies on May 18, 2104." (*Id.* at 2). But when she was arrested on May 18th for assault and interfering with a 911 call, the arresting deputy refused her request to get her seizure-prevention medicine. (*Id.*). While she was being transported to the Mobile County Metro Jail ("jail"), she had a seizure, and her handcuffs injured her wrists. (*Id.*).

Then, at the jail, "[w]ithout cause or provocation, agents of the Sheriff's Department forcefully threw [her] to the ground, permanently injuring her back[,][2] [and when] [t]hey then attempted to force her into a bed, [she] [struck] her head on the bed railing, also causing permanent injury and a concussion." (*Id.*). Thereafter, "agents" of Defendants Sheriff's Department and AltaPointe refused to provide her medical treatment notwithstanding her repeated requests. (*Id.*).

Plaintiff describes the actions taken against her as excessive force in light of the circumstances, because non-violent options were available and Defendants did not feel threatened. (*Id.* at 2-3). She claims that this "violated her Fourteenth Amendment Due Process rights to be free from cruel

---

[2] Plaintiff states that as a result of her back injury, she had a spinal fusion. (Doc. 1 at 1).

and unusual punishment." (*Id.* at 3). She describes Defendants' actions as "lack[ing] a good faith effort to maintain or restore discipline" and being malicious or sadistic for the purpose of causing the harm. (*Id.*). She further claims Defendants committed assault and battery on her, falsely imprisoned her, engaged in bad faith conduct, and acted beyond their office, policies, and procedures. (*Id.* at 4). And lastly, she asserts "Defendant AltaPointe breached the standard of care in its treatment and evaluation of [her]," with conduct exhibiting malice and reckless indifference. (*Id.*).

For relief, Plaintiff requests compensatory and punitive damages, interest, costs, fees, and any other relief to which she may be entitled.

II. <u>Standards of Review Under 28 U.S.C. § 1915(e)(2)(B)</u>.

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing the Complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).[3] A claim is frivolous as a matter of law where, *inter alia,* the

---

[3] *Neitzke*'s interpretation of 28 U.S.C. § 1915(d) is applied to § 1915(d)'s superseding statute, 28 U.S.C. § 1915(e)(2)(B). *Bilal v. Driver*, 251 F.3d 1346,1348-49 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001).

4

defendants are immune from suit, *id.* at 327, or the claim seeks to enforce a right that clearly does not exist. *Id.*

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 557 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly,* 550 U.S. at 555, 557 (second brackets in original). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. Furthermore, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal,* 566 U.S. 662 (2009). Furthermore, a court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal,* 556 U.S. at 681. And a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.), *cert. denied,* 493 U.S. 863 (1989).

III. <u>Discussion</u>.

   A. Legal Requirements for a § 1983 Claim.

   In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish: "(1) . . . the conduct complained of was committed by a person acting under color of state law; and (2) . . . this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled*

*on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Harvey v. Harvey,* 949 F.2d 1127, 1130 (11th Cir. 1992) (same). Additionally, in a § 1983 action, a plaintiff must causally connect a defendant's actions, omissions, customs, or policies to a deprivation of the plaintiff's constitutional or federal rights in order to state a claim under § 1983. *See Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett,* 689 F.2d 1370, 1380 (11th Cir.), *cert. denied,* 464 U.S. 932 (1983). These basic § 1983 requirements are not satisfied in this action due to the entities named as Defendants. Furthermore, Plaintiff's Fourteenth Amendment claim will be treated as a § 1983 claim, because Congress provided a statutory method for enforcing a deprivation of constitutional rights by state actors when it enacted § 1983. *GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244, 1253 n.15 (11th Cir.) ("Where a statute provides an adequate remedy, we will not imply a judicially created cause of action directly under the Constitution."), *cert. denied*, 133 S.Ct. 856 (2013).

    B.   <u>Defendant Sheriff's Department</u>.

    Plaintiff names the Sheriff's Department as a Defendant because its unidentified deputies and agents arrested her, refused her medicine, and injured her when she was thrown to the floor and forced into her bed. An Alabama Sheriff's Department,

7

however, "is not a legal entity and, therefore, is not subject to suit or liability under section 1983." *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). "Under Alabama law, a county sheriff's department lacks the capacity to be sued." *Id.* Accordingly, the Sheriff's Department is due to be dismissed because the claims against it are frivolous.

The Sheriff's Department is also due to be dismissed on another ground. Under § 1983 a party cannot be held liable for the acts of its employees or subordinates because vicarious liability or *respondeat superior* are not recognized as theories of liability in a § 1983 action. *Monell v. Department of Social Serv. of New York*, 436 U.S. 658, 691-92 (1978). Here, Plaintiff is attempting to hold the Sheriff's Department liable for the acts of its deputies and agents, which is not a recognized theory of liability under § 1983. That is, the complained of action was not taken by the Sheriff's Department but by individuals. *See Zatler*, 802 F.2d at 401 (" A causal connection may be established by proving that the official was personally involved in the acts that resulted in the constitutional deprivation."). For this additional reason, the Sheriff's Department is due to dismissed for failure to state a claim.

C. <u>Defendant Mobile County</u>.

Another Defendant to this action is Mobile County.

However, Mobile County is not mentioned in Plaintiff's description of his claims. Thus, the Court can only speculate as to a claim that Plaintiff may have against Mobile County. But that is not the role of the Court. Rather, it is Plaintiff's responsibility to plead a short and plain statement of a plausible claim against Mobile County. *Twombly,* 550 U.S. at 555, 557. And, as pointed out above, liability against Mobile County cannot be based on the acts of its employees or subordinates. *Monell,* 436 U.S. at 691-92. Rather, a governmental entity only can have liability imposed against it through its custom or policy. *Id.* at 694, 98 S.Ct. at 2037. Thus, the claims against Mobile County fail to state a claim upon which relief can be granted.

    D. <u>Defendant AltaPointe</u>.

    With respect to AltaPointe, Plaintiff claims that it "breached the standard of care in its treatment and evaluation of the Plaintiff" and its "conduct was done with malice or reckless indifference giving rise to [Plaintiff's] entitlement to punitive damages." (Doc. 1 at 4). Plaintiff also claims that AltaPointe refused to provide her medical treatment despite repeated requests. (*Id.* at 2). Similar to Plaintiff's other allegations, she is attempting to hold an employer liable for the conduct of its employees or agents, which is not a

9

recognized theory liability under § 1983.  *Id.* at 690-92, 98 S.Ct. at 2036; *see also Zatler*, 802 F.2d at 401 (holding in order to state a claim a causal connection must be established showing the defendant was involved in the acts resulting in the constitutional deprivation).  Thus, AltaPointe is due to be dismissed for failure to state a claim upon which relief can be granted against it.

In addition, Plaintiff did not allege that AltaPointe acts under color of state law.  And the Court has no knowledge that AltaPointe was acting under color of state law.  Conduct by a private party, no matter how wrongful, is excluded from review under § 1983 if the conduct cannot be attributed to a state actor.  *Weaver v. James Bonding Co.*, 442 F. Supp.2d 1219, 1223 (S.D. Ala.), *aff'd*, *Weaver v. Mobile County,* 228 F. App'x 883 (11th Cir. 2007).  "For a defendant's actions to be under color of state law, such conduct must be 'fairly attributable to the State,' which in turn requires that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'"  *Id.* (quoting *Harvey,* 949 F.2d at 1130).  It is a rare circumstance when a private party can be found to be a state actor.  *Id.*

To determine if state action is involved, one of the following three tests must be satisfied: "the public function

10

test, the state compulsion test, and the nexus/joint action test." *Harvey,* 949 F.2d at 1130.  Due to the brevity of the Complaint brought about by sparse factual allegations, a discussion of each test is not warranted as it would involve considerable speculation and be unnecessary surplusage considering the chief ground for AltaPointe's dismissal – vicarious liability or *respondeat superior* are not recognized as a theory of liability under § 1983.  *Cf. Id.* at 1130-31 (finding that the facility that received the plaintiff to determine if involuntary commitment was necessary was not a state actor); *Lux v. Hansen*, 886 F.2d 1064, 1067 (8th Cir. 1989) (finding under *Monell* that the mental health treatment facility could not be held liable under the theory of *respondeat superior*); *Barber v. Dale Cnty. Mental Health Ctr.*, 898 F. Supp. 832, 837 (M.D. Ala. 1995) (finding the mental health facility did not act under color of state law), *aff'd*, 98 F.3d 1353 (11th Cir. 1996).  Accordingly, Plaintiff has failed to state a claim upon which relief can be granted against AltaPointe.

    E.  <u>State-Law Claims</u>.

    In addition to bringing § 1983 claims in this action, Plaintiff asserts state-law claims.  The decision whether to address state-law claims after the federal claims have been dismissed is governed by 28 U.S.C. § 1367, which provides "[t]he

district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction[.]"  28 U.S.C. § 1367(c)(3).  Whether to exercise supplemental jurisdiction over state-law claims is a matter of discretion with the District Court, but the Eleventh Circuit encourages the dismissal of state-law claims where federal claims are dismissed prior to trial.  *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088-89 (11th Cir. 2004); *see Little v. Dean*, 606 F. App'x 581, 582 (11th Cir. 2015)(unpublished)(same).  Accordingly, it is recommended that the Court decline to exercise its supplemental jurisdiction over Plaintiff's state-law claims.

IV.  Conclusion.

Based upon the foregoing reasons, it is recommended that, prior to service of process, the federal claims be dismissed without prejudice, because the claims are either frivolous or fail to state a claim upon which relief can be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), and the state-law claims be dismissed without prejudice, because the Court declines to exercise it supplemental jurisdiction.

However, within the time period for filing objections to the Report and Recommendation, Plaintiff may file an amended

complaint that states a plausible claim with respect to the claims he raised in the original Complaint.  *Lee v. Alachua County, Fla.,* 461 F. App'x 859, 860, (11th Cir. 2012) (requiring a *pro se* litigant be given one chance to amend a complaint that fails to state a claim before dismissing the complaint, but recognizing an amendment will not be allowed if it is futile, that is, subject to being dismissed or to summary judgment).  To state a plausible claim, Plaintiff must follow the pleading guidelines contained in Section II.  *See Twombly, supra; Iqbal, supra*.

    Even though the federal claims are being recommended for dismissed without prejudice, their dismissal is effectively with prejudice because the statute of limitations has expired.  That is, the complained of incident occurred on May 18, 2014, and Plaintiff will not be able to successfully re-file her action after a dismissal of this action due to the expiration of the two-year statute of limitations for § 1983 actions filed in Alabama, *Lufkin v. McCallum*, 956 F.2d 1104, 1106, 1108 (11th Cir.) (finding the statute of limitations for a § 1983 action is two years), *cert. denied*, 506 U.S. 917 (1992).  *See Stephenson v. Warden Doe*, 554 F. App'x 835, 837 (11th Cir. 2014) (holding a dismissal without prejudice is effectively a dismissal with prejudice when the statute of limitations has expired).

NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the

briefing before the Magistrate Judge is not specific.

**DONE** this 15th day of July, 2016.

> s/BERT W. MILLING, JR.
> UNITED STATES MAGISTRATE JUDGE